IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEONARDO R. CHAVEZ, #A6068476, | ) ) ) | CIV. NO. 16-00685 HG/KJM ORDER DISMISSING AMENDED |
| Plaintiff, | ) ) ) | COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | ) ) | |
| CHUCK HAGEL, WILLIAM H. McRAVEN, P. GARDNER HOWE, III, NORMAN BROSNICK, STEVEN GRZESZCZAK, MICHAEL RIVERA, JOHN O'CONNOR, CIELO ALMANZA, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

**ORDER DISMISSING AMENDED COMPLAINT
WITH LEAVE GRANTED TO AMEND**

Before the court is pro se Plaintiff Leonardo R. Chavez's amended civil rights complaint brought pursuant to 42 U.S.C. § 1983. Am. Compl., ECF. No. 6. Chavez names former United States Secretary of Defense Chuck Hagel, Admiral William H. McRaven, Rear Admiral P. Garner Howe III, Major General Norman Brosnik, Captain Steven Grzeszczak, Lieutenant Michael Rivera, Lieutenant Colonel John O'Connor, and Commander Cielo Almanza as

Defendants in their individual and official capacities (collectively, "Defendants").  Chavez alleges Defendants violated the Fourteenth Amendment and United States Special Operation Command Policy ("USSCOM") No. 12-11, during his separation proceedings from the United States Army.

For the following reasons, Chavez's Amended Complaint is DISMISSED for failure to state a claim with leave granted to amend as discussed and limited below.

## I.   BACKGROUND

### A.   Procedural History

On December 30, 2016, Chavez filed a Complaint alleging that Defendants had violated his rights to due process under the Eighteenth Amendment[1] during separation and discharge proceedings from the Armed Forces.  Compl., ECF No. 1.

On January 23, 2017, the court granted Chavez's in forma pauperis ("IFP") application.  Order, ECF No. 5.

---

[1] The Eighteenth Amendment enacted Prohibition and was repealed by the Twenty-First Amendment in 1933.

On February 17, 2017, before the Court screened the Complaint, Chavez submitted a new pleading labeled as an "Original Complaint," a new IFP application, and a letter. *See* ECF Nos. 6, 7. Chavez mistakenly believed the Court had terminated this action when it granted his IFP application and he sought to commence a new action alleging the same claims. ECF No. 7. Chavez explained that the new pleading corrected his assertion of claims under the Eighteenth Amendment to allege claims under the Fourteenth Amendment. *Id.;* ECF No. 6, PageID #33 ("I listed wrong amendment.").

Because the new pleading alleges the same claims against the same Defendants, clarifies Defendants' official titles, explicitly asserts a claim for damages, and better explains the constitutional and factual bases for his claims, the Court construes it as an Amended Complaint rather than opening a new action (which would require additional filing fees). *See* Am. Compl., ECF No. 6.

**B.   Facts**[2]

Chavez is incarcerated at the Oahu Community
Correctional Center ("OCCC") awaiting trial in the
Circuit Court of the First Circuit, State of Hawaii
("circuit court"), for Murder in the Second Degree and
Carrying or Use of a Firearm in the Commission of a
Separate Felony.[3] *See Compl.*, ECF No. 1, PageID #8
("facing murder in the 2nd"); *State v. Chavez*,
1PC141000360 (Haw. 1st Cir. 2014) (last visit Feb. 22,
2017), https://jimspss1.courts.state.hi.us/JEFS.[4]

Chavez alleges that Defendants:

Denied me access to my Administrative
Separation Board, and equal protection of the
laws (UCMJ).  Deprived me of liberty (rest
between Deployments) and property (falsified my

---

[2] These facts are taken from the Complaint, Amended
Complaint, and public records, and are accepted as true for
the purposes of this Order only.

[3] In violation of Haw. Rev. Stats. §§ 707-701.5; 706-656 &
134-0021.

[4] A court "may take notice of proceedings in other courts,
both within and without the federal judicial system, if those
proceedings have a direct relation to matters at issue."
*United States ex rel. Robinson Rancheria Citizens Council v.
Borneo*, *Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

military service and strip[p]ed me of my
retirement). [Count I]

- Deployed in excess twice as much of SECDEF own
policy without his written approval.
- Deliberate falsification of U.S.SOCOM Policy
12-11[.]
- No deployment waivers on file for my
Operational Tempo[.] [Count II]

Am. Compl., ECF No. 6, PageID 35-36 (Counts I-II).

Chavez claims Defendants left him "to rot at OCCC,"
pushed him to commit suicide, caused his PTSD (post-
traumatic stress disorder), deprived him of his family,
and denied him retirement benefits. *Id.* He seeks 100
million dollars and the correction of his military
records. *Id.*, PageID #38.

## II.  <u>STATUTORY SCREENING</u>

Because Chavez is a prisoner and is proceeding IFP,
the Court screens his Complaint pursuant to 28 U.S.C. §§
1915(e)(2) and 1915A(b).  The Court must dismiss a
complaint or any portion of it that is frivolous,
malicious, fails to state a claim, or seeks damages from
defendants who are immune. *See Lopez v. Smith*, 203 F.3d
1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28

5

U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard.  *Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  If it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

7

### III.   <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   *Bivens* Jurisdiction

Chavez mistakenly asserts that jurisdiction for his claims arises under § 1983 and the Fourteenth Amendment. Chavez's constitutional tort claims against these federal Defendants arise, at least superficially, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights" under the Fourth Amendment.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see Bivens*, 403 U.S. at 395-97.  The Supreme

8

Court has since expanded *Bivens'* application only twice, to claims brought under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 234 (1979), and under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 17-18 (1980).

Because he alleges claims against federal government agents and employees, the Court construes Chavez's equal protection and due process claims as arising under the Due Process Clause of the Fifth, rather that the Fourteenth, Amendment.  *See Davis v. Passman*, 442 U.S. 228, 229 (1979) (discussing equal protection claims under the Fifth Amendment); *Consejo de Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (holding Fifth Amendment "subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment.") (citing *Bolling v. Sharpe*, 347 U.S. 497 (1954)); *see also Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975); ("This Court's approach to Fifth Amendment equal protection claims has . . . been

precisely the same as to equal protection claims under the Fourteenth Amendment."); *Lamb v. Millennium Challenge Corp.*, --- F. Supp. 3d ---, 2017 WL 74690, at *12 (D.D.C. Jan. 6, 2017).

*Bivens* actions are identical to actions brought pursuant to 42 U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitation for *Bivens* action).  To state a cognizable *Bivens* claim, a plaintiff must allege that: (1) a right secured under the United States Constitution was violated, and (2) the violation was committed by a federal actor.  *Id.; see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).  Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S.

362, 371-72, 377 (1976) (addressing claims under § 1983).

## B.   Chavez Cannot Maintain A *Bivens* Action Against Defendants

The Supreme Court has consistently declined "to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 68; *Iqbal*, 556 U.S. at 68; *see also Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (stating that "in most instances we have found a *Bivens* remedy unjustified"); *Terry v. Newell*, --- F. App'x ---, 2016 WL 3450293, at *1 (9th Cir. 2016). *Bivens* actions are permitted only where there are "no special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S. at 396.

The Supreme Court has consistently declined to extend *Bivens* to suits by service members like Chavez's, explicitly holding that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."

11

*Chappell v. Wallace*, 462 U.S. 296, 305 (1983). *Bivens* may not be extended to service members suits against their superior officers because the Constitution confers on Congress the power "[t]o make Rules for the Government and Regulation of the land and naval Forces," U.S. Const. Art. I, § 8, cl. 14, and "contemplated that the Legislative Branch [would] have plenary control over rights, duties, and responsibilities in the framework of the Military Establishment." *Id.* at 301. The "need for special regulations in relation to military discipline, and the consequent need and justification for a special and exclusive system of military justice," underlies this rule and counsels strongly against judicial review of most military decisions. *Id.* at 300; *see also Klay v. Panetta*, 758 F.3d 369, 377 (D.C. Cir. 2014) (finding service members' claims that alleged plaintiffs were raped, sexual assaulted, and retaliated against by military officials while on active duty were non-cognizable under *Bivens*); *Cioca v. Rumsfeld*, 720 F.3d 505 (4th Cir. 2013) (affirming dismissal for failure to

12

state *Bivens* claim, because "special factors clearly counsel hesitation in implying a cause of action for injuries arising out of military service").

Service members' *Bivens* claims against civilian government employees, such as the Secretary of Defense, for "injuries arising out of or incident to their military service" are equally foreclosed. *See United States v. Stanley*, 483 U.S. 669, 684 (1987) (citing *Feres v. United States*, 340 U.S. 135, 146 (1950) (holding Government not liable under Federal Tort Claims Act "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service")); *see also Oliver v. Wong*, 158 F. Supp. 3d 1036, 1044-46 (D. Haw. 2016) (holding, *inter alia*, *Feres* doctrine barred judicial review of service member's termination from his employment with the Hawaii Air National Guard).

Because Chavez's military separation and discharge proceedings clearly arise "out of or . . in the course of activity incident to service," indeed, such

13

proceedings are at the heart of military activity
incident to service, Chavez fails to state a cognizable
claim for damages under *Bivens*.  *Stanley*, 483 U.S. at
684.  Chavez's *Bivens* claims are DISMISSED with
prejudice because granting leave to amend is futile.

## C.   Correction of Military Records: Retirement Benefits

Liberally construing the Amended Complaint, it
appears Chavez seeks military retirement benefits and
back pay based on Defendants' actions during his
separation procedures.  *See* Am. Compl., ECF No. 6,
PageID #35 ("[Defendants] strip[p]ed me of my retirement
. . . and forfeiture of my retirement wages.").

The Court of Federal Claims has "explicit statutory
authority" under the Tucker Act, 28 U.S.C. § 1491(a)(2),
to provide relief for service members' complaints
requesting "back pay, reinstatement, and correction of
records." *Mitchell v. United States*, 930 F.2d 893, 895–
96 (Fed. Cir. 1991); *see also Remmie v. United States*,
98 Fed. Cl. 383, 388 (Fed. Cl. 2011) ("[T]he Court of
Federal Claims has jurisdiction over military pay cases

14

where the plaintiff seeks back pay for alleged unlawful
discharge from military service.  In addition to back
pay and other allowances, the court may grant relief
incidental and collateral to judgment granted for
monetary relief, such as changes in military or
retirement status and corrections of military records.")
(quotation omitted)); *Knight v. Dep't of the Army*, 2014
WL 241945, at *4 (D. Or. Jan. 22, 2014) (dismissing
action for lack of subject matter jurisdiction).

While the Court of Federal Claims and federal
"district courts have concurrent jurisdiction under the
Little Tucker Act, 28 U.S.C. § 1346(a)(2), over non-tort
monetary claims against the United States that do not
exceed $10,000," Chavez seeks significantly more than
$10,000 in damages, whether those damages are limited to
his likely actual loss of retirement benefits or
represent his claim for 100 million dollars.  *Knight*,
2014 WL 241945, at *4.  The Court of Federal Claims has
exclusive jurisdiction over Chavez's claims to the
extent he seeks military retirement benefits and back

pay.  These claims are DISMISSED for lack of
jurisediction without prejudice to Chavez raising them
in the appropriate court.


**D.  Other Forms of Correction of Records**

A district court *may* have jurisdiction of an action
to correct a service member's military records following
an unfavorable decision by a military board in certain
circumstances.  *See Smith v. Marsh*, 787 F.2d 510, 512
(10th Cir. 1986) (district court had jurisdiction to
review Army Board for Correction of Military Records
("ABCMR") decision not to upgrade plaintiff's military
discharge); *Muhammad v. Sec'y of Army*, 770 F.2d 1494,
1495 (9th Cir. 1985) ("Military discharge decisions are
subject to judicial review."); *cf. Narula v. Yakubisin*,
650 F. App'x 337, 338 (9th Cir. 2016) (discussing
exhaustion of military remedies for service members
challenging a court-martial conviction under 28 U.S.C.
§ 2241).

Challenges to a separation or discharge decision, or to the procedures concerning a discharge certificate under the Administrative Procedures Act ("APA"), however, must first be filed as an administrative claim before the Board for the Correction of military records. *See* 10 U.S.C. § 1552(a) (empowering Board to correct military record that is in error or to remove an injustice); *Chappell*, 462 U.S. at 303.

Title 10 § 1558(f)(1) states:

(f) Judicial review.--

(1) A person seeking to challenge an action or recommendation of a selection board, or an action taken by the Secretary of the military department concerned on the report of a selection board, is not entitled to relief in any judicial proceeding unless the action or recommendation has first been considered by a special board under this section or the Secretary concerned has denied the convening of such a board for such consideration.

(2)(A) A court of the United States may review a determination by the Secretary of a military department not to convene a special board in the case of any person. In any such case, the court may set aside the Secretary's determination only if the court finds the determination to be--(i) arbitrary or capricious;(ii) not based on substantial

evidence;(iii) a result of material error of
fact or material administrative error; or(iv)
otherwise contrary to law.

A court therefore may review allegedly unlawful military
decisions only if the plaintiff alleges (a) violation of
a constitutional right, federal statute, or military
regulations, and (b) exhaustion of administrative
remedies, unless exhaustion is excused. *Wenger v.
Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002); *Stein v.
Dowling*, 867 F. Supp. 2d 1087, 1096 (S.D. Cal. 2012);
*see also*, *Oliver*, 158 F. Supp. at 1046-49 (detailing
service member's failure to exhaust military
administrative remedies, precluding judicial review).

A failure to exhaust military administrative
remedies pursuant to 10 U.S.C. § 1558 relates to this
Court's subject matter jurisdiction. *Santana v. United
States*, 127 Fed. Cl. 51, 61 (Fed. Cir. 2016) (stating
"§ 1558 is a jurisdictional bar that cannot be waived,"
and dismissing action) (citing *Arbaugh v. Y & H Corp.*,
546 U.S. 500, 514 (2006) (finding that "subject-matter

jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived").

Chavez fails to allege any facts showing that he exhausted available administrative remedies under the Administrative Procedures Act, The Army Board for Correction of Military Records, the United States Code of Military Justice, or the Federal Tort Claims Act.  He also fails to allege facts showing that Defendants' discharge decision was arbitrary, capricious, in error, not based on substantial evidence, or otherwise contrary to the law.  Chavez fails to state a claim for correction of his records beyond seeking reinstatement of his retirement benefits and such claims are DISMISSED with leave to amend.

## E.  Constitutional Claims

Even assuming this Court has jurisdiction to consider Chavez's claims to correct his records and such claims are exhausted or exhaustion is excused, Chavez fails to allege facts showing that Defendants violated

his constitutional rights to equal protection or due process.

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  Chavez does not allege that he is part of a protected class or set forth facts showing that he was treated differently than similarly situated service members who were separated or discharged from the military.

While Chavez's allegations that Defendants "falsified" his service records and "U.S.SOCOM Policy

20

12-11," and denied him access to the "Administrative
Separation Board" suggests a due process claim, he fails
to allege additional facts to nudge this claim from
merely *possible* to *plausible*.   Am. Compl., ECF No. 6,
PageID ##35-36.   Chavez provides no context to these
bare allegations.   That is, he fails to detail when or
where this military separation proceeding took place,
who presided over it, what evidence was relied on, and
what were its results.   Chavez does not explain how his
military service and Policy 12-11 were falsified (or
what this policy says).   Most importantly, Chavez fails
to allege any facts showing that each individual
Defendant personally violated his constitutional rights.
*See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)
(discussing jurisdiction under 42 U.S.C. § 1983); *Rizzo*,
423 U.S. at 371-72.

As written, the Court is unable to discern a basis
for either a due process or an equal protection claim.
Chavez's claims are simply a "[t]hreadbare recital[] of
the elements of a cause," unsupported by concrete facts

21

and unconnected to any Defendant's conduct.  *Iqbal*, 556

U.S. at 678.   The Court cannot plausibly infer that

Defendants violated Chavez's constitutional rights based

on his statement of facts, or that he has exhausted his

military remedies prior to raising his claims in this

court.

The Amended Complaint is DISMISSED pursuant to 28

U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C.

§ 1997e(c)(1).

## IV.  <u>LEAVE TO AMEND</u>

Chavez may file an amended complaint as limited by

this Order on or before April 10, 2017 that cures the

above-noted deficiencies.   He must comply with the

Federal Rules of Civil Procedure and the Local Rules for

the District of Hawaii if he amends his pleading.

An amended complaint generally supersedes the

original complaint.   *See Ramirez v. Cty. of San

Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).   The

Court will not refer to the original pleading to make an

amended complaint complete, although it will not ignore

22

contradictory statements of fact between an original and
amended complaint.   Local Rule 10.3 further requires
that an amended complaint be complete in itself without
reference to any prior pleading.   Defendants not named
in the caption and claims dismissed without prejudice
that are not realleged in an amended complaint may be
deemed voluntarily dismissed.   *See Lacey v. Maricopa
Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims
dismissed with prejudice [need not] be repled in a[n]
amended complaint to preserve them for appeal. . . .
[but] claims [that are] voluntarily dismissed
[are] . . . waived if not repled.").   In an amended
complaint, each claim and the involvement of each
Defendant must be sufficiently alleged.

## V.   28 U.S.C. § 1915(g)

If Chavez fails to timely file an amended complaint,
or is unable to amend his claims to cure their
deficiencies, this dismissal may count as a "strike"
under the "3-strikes" provision of 28 U.S.C. § 1915(g).
Under the 3-strikes provision, a prisoner may not bring

23

a civil action or appeal a civil judgment in forma
pauperis under 28 U.S.C. § 1915 -

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a
> court of the United States that was dismissed
> on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may
> be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

(1)   The Complaint is DISMISSED for failure to state
a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and
1915A(b)(1).  Specifically, Chavez's (a) *Bivens* claims
are DISMISSED with prejudice; (b) claims seeking back
pay and retirement benefits are DISMISSED for lack of
subject matter jurisdiction; and (c) claims seeking
correction of military records are DISMISSED for failure
to state a claim with leave granted to amend as
discussed above.

(2) Chavez may file an amended complaint curing the deficiencies of his claims for correction of military records as noted above on or before April 10, 2017.

(3) Failure to timely amend and cure the pleading deficiencies noted herein will result in dismissal of this action with prejudice for failure to state a claim, and Chavez may incur a strike pursuant to 28 U.S.C. § 1915(g).

(4)  The Clerk of Court is DIRECTED to mail Chavez a prisoner civil rights complaint form to assist him in complying with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 9, 2017.



_____
Helen Gillmor
United States District Judge

*Chavez v. Hagel,1:16*-cv-00685-HG-KJM; scrn 2017 Chavez 16-685 HG (Chappell doctrine ftsc)