IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARDO R. CHAVEZ, #A6068476, | ) CIV. NO. 16 00685 HG/KJM ) ) |
| Plaintiff, | ) ORDER DIRECTING SERVICE ) |
| vs. | ) ) |
| UNITED STATES, USSOCOM, SOCCENT, SOCPAC, | ) ) ) |
| Defendants, | ) ) |

## **ORDER DIRECTING SERVICE**

Before the court is pro se Plaintiff Leonardo R. Chavez's Second Amended Complaint ("SAC"). ECF. No. 10. Chavez alleges Defendants the United States, USSOCOM (U.S. Special Operations Command), SOCCENT (Special Operations Command Central), and SOCPAC (Special Operations Command Pacific) violated military regulations and the Constitution during his service in the United States Army. He seeks correction of his military records. For the following reasons, the Court directs the SAC be served and orders the United States to respond after service is perfected.

## I. BACKGROUND

Chavez is incarcerated at the Oahu Community Correctional Center awaiting trial in the Circuit Court of the First Circuit, State of Hawaii, for Murder in the Second Degree and Carrying or Use of a Firearm in the Commission of a Separate Felony.[1]  *See Compl.*, ECF No. 1, PageID #8 ("facing murder in the 2nd"); *State v. Chavez*, 1PC141000360 (Haw. 1st Cir. Ct. 2014). https://jimspss1.courts.state.hi.us/JEFS.

### A. Procedural History

On December 30, 2016, Chavez commenced this action. ECF No. 1.

On February 17, 2017, Chavez filed an amended complaint.  Am. Compl., ECF No. 6.  He alleged that the Secretary of Defense and individual officers in the United States Army chain of command violated the Constitution when they denied him adequate rest between deployments, falsified his military records and

---

[1] *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (approving taking judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue"); *see also* Fed. R. Evid. 201(c)(1).

military policies, and stripped him of his retirement. Chavez sought $1 billion in damages and the correction of his military records.

On March 9, 2017, the Court dismissed Chavez's Amended Complaint for failure to state a cognizable claim for relief. Order, ECF No. 9 ("March 9, 2017 Dismissal Order").

**B. The Second Amended Complaint**

On April 5, 2017, Chavez filed the SAC. ECF No. 10. He now alleges Defendants violated Article I, Section 8 of the United States Constitution[2] and 10 U.S.C. § 991 when they allegedly deployed him overseas in excess of § 991's one and two year "high deployment" thresholds[3] without the explicit approval of the Secretary of Defense or another delegated official

---

[2] Article I, Section 8 vests in Congress the power to "provide for the common Defense," "declare War," "raise and support Armies," "provide and maintain a Navy;" and make rules for the "Regulation of the land and naval Forces."

[3] Title 10, U.S. Code, Section 991 governs the "[m]anagement of deployments of members [of the Armed Forces] and measurement and data collection of unit operating and personnel tempo." The "one-year high-deployment threshold" is 220 days deployment within the preceding 365 days; the "two-year high-deployment threshold" is 400 days within the preceding 730 days.

3

having been noted in his records. He alleges this failure, and his resulting alleged over deployment, violated the Fifth and Fourteenth Amendments.[4] Chavez was discharged from the Army in "Under Other Than Honorable Conditions" on May 19, 2016. *See id.*, ECF 10 4 (Certificate of Release or Discharge from Active Duty).

Chavez seeks an order directing USSOCOM and the Pentagon "to produce the waiver request and the approval by the Armed Services of the Senate and the Committee on Armed Services of the House of Representatives" for his "Operational Personnel Tempo."[5] SAC, ECF No. 10, PageID #85. He has withdrawn his

---

[4] Chavez states this alleged over-deployment "broke apart my family, and pushed me to the point of suicide." *See* SAC, ECF No. 10, PageID #79. He suggests it precipitated his criminal charges. *Id.*, PageID #85 ("I should not be the only one in jail or being held accountable); ECF No. 10-8, PageID #97 ("Under what authority does my local command have to discharge me [from] the Army? When they clearly did not have the authority to deploy me as much as I was. I should not be the only one in jail or being held accountable.").

[5] "'[O]perating tempo' means the rate at which units of the armed forces are involved in all military operations[,]" and "'personnel tempo' means the amount of time members of the armed forces are engaged in their official duties at a location or under circumstances that make it infeasible for a member to spend off-duty time in the housing in which the member resides." 10 U.S.C. § 991(f)(1)(B).

4

request for money damages.  Chavez states that he has "initiated" congressional review of his discharge with the Army Review Board Agency (ARBA), which is also known as the Army Board for Correction of Military Records ("ABCMR").[6]  *Id.*

## II.  **STATUTORY SCREENING**

Because Chavez is a prisoner proceeding in forma pauperis, the Court screens his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126 27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal

---

[6] The ABCMR is the highest level of administrative review within the Department of the Army with the mission to correct errors in or remove injustices from Army military records. *See* http://arba.army.pentagon.mil/abcmr-overview.html.

5

Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (discussing screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant unlawfully harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

2010) (citations omitted).  Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  **DISCUSSION**

The Court liberally construes Chavez's claim as seeking relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, which provides a limited waiver of sovereign immunity for certain suits seeking relief other than money damages, for judicial review of the ABCMR.

"Military discharge decisions are subject to judicial review."  *Muhammad v. Sec'y of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985).  The Court may review unlawful military decisions if the plaintiff alleges (a) violation of a constitutional right, federal statute, or military regulations, and (b) exhaustion of administrative remedies, unless exhaustion is excused.

7

*Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002); *Khalsa v. Weinberger*, 779 F.2d 1393, 1398 (9th Cir. 1985)).

Exhaustion of administrative remedies may be excused "(1) if the intraservice remedies do not provide an opportunity for adequate relief; (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised." *Wenger*, 282 F.3d at 1073; *see also Stein v. Mabus*, 2013 WL 12092058, at *3 (S.D. Cal. Feb. 14, 2013).

Chavez alleges Defendants violated 10 U.S.C. § 991 and the Constitution, satisfying the first part of the test. Although Chavez states that he has instituted administrative procedures with the ABCMR, he neither states that this review has concluded nor details the outcome of the proceeding. Nor does he assert a basis for finding that exhaustion of administrative remedies is excused. Rather, the fact that Chavez has commenced

such review suggests that such review is available to him and that *he* believes it may be effective.

Nonetheless, when exhaustion of administrative remedies is not jurisdictional, it is an affirmative defense that a *defendant* has the burden of raising and proving. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); (addressing exhaustion requirements that apply to prisoners under 28 U.S.C. § 1997e(a)); *Sung v. Gallagher*, 2011 WL 4952617, at *7 (D. Haw. Oct. 17, 2011) (finding plaintiff's claims unexhausted by the ABCMR, and declining to decide whether claims based on violations of Army regulations are jurisdictional).

Chavez therefore sufficiently states a claim that the Army deployed him in violation of the parameters set forth in 10 U.S.C. § 991. He further alleges that he has sought review before the ABCMR. He need not assert or prove that he has exhausted such review. The Court will allow the SAC to be served, subject to adversary proceedings, and any determination on whether

that review has concluded or should be excused will be subject to adversary proceedings.

## IV. **CONCLUSION**

(1) The Second Amended Complaint states a claim and shall be served on the United States.[7]

(2) The Clerk is DIRECTED to issue a summons as to Chavez's Second Amended Complaint (ECF No. 10) and forward it to Chavez along with a blank U.S. Marshal Form 285 for the United States. The Clerk SHALL provide Chavez with a certified copy of this Order, a certified copy of his Second Amended Complaint and the summons so that he may serve the United States. Upon receipt of these documents, Chavez must complete the Form 285s as completely and accurately as possible, include an address where Defendant United States may be found and/or subject to service, and return them to the United States Marshal according to the instructions provided by the Clerk.

---

[7] The Court makes no determination of whether Chavez must also name the ACBMR and the Secretary of the Army, Robert M. Speer, who is the official with authority to correct a service member's military record. *See* 5 U.S.C. § 703; 10 U.S.C. § 1552.

(3) The U.S. Marshal is DIRECTED to serve a copy of the Second Amended Complaint and summons upon the United States as directed by Chavez on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(4) After service is perfected, the United States is ORDERED to reply to Chavez's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Chavez has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

(5) Chavez SHALL, after service has been perfected by the U.S. Marshal, serve upon the United States, or, if appearance has been entered by counsel, upon counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Chavez must include with every original document he seeks to file, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or counsel, and the date of that service. *See* Dist. Haw. L.R. 5.6. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendant may be disregarded.

IT IS SO ORDERED.

DATED: April 20, 2017, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

*Chavez v. Hagel,1:16*-cv-00685-HG-KJM; scrn 2017 Chavez 16-685 HG (SAC ftsc)