IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARDO R. CHAVEZ, ) | CIVIL NO. 16-00685 HG-KJM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| U.S. SPECIAL OPERATIONS ) | |
| COMMAND; SPECIAL OPERATIONS ) | |
| COMMAND CENTRAL; SPECIAL ) | |
| OPERATIONS COMMAND PACIFIC, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 30)
AND
DENYING PLAINTIFF'S FILING ENTITLED "MOTION GRANTING ORDER FOR
DEPOSITION SUBPOENA" (ECF No. 34)**

Plaintiff Leonardo R. Chavez appears pro se. He is a former soldier in the United States Army. Plaintiff's Second Amended Complaint claims that Defendants violated Article I, Section 8 of the United States Constitution and 10 U.S.C. § 991 by deploying him without his receiving adequate time between deployments. Plaintiff also claims violations of the Fifth and Fourteenth Amendments of the United States Constitution.

Defendants move to dismiss Plaintiff's complaint for lack of jurisdiction.

Plaintiff also filed a motion entitled "MOTION GRANTING ORDER FOR DEPOSITION SUBPOENA". (ECF No. 34).

Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED**. Plaintiff's Second Amended Complaint is **DISMISSED**.

1

## PROCEDURAL HISTORY

On December 30, 2016, Plaintiff Leonardo R. Chavez filed a PRISONER CIVIL RIGHTS COMPLAINT. (ECF No. 1).

On January 23, 2017, the Court granted Plaintiff's in forma pauperis ("IFP") application. (ECF No. 5).

On February 17, 2017, before the Court screened the Complaint, Plaintiff submitted a new pleading labeled as an "ORIGINAL COMPLAINT" and a letter. (ECF Nos. 6, 7). Plaintiff mistakenly believed the Court had terminated his action when it granted his IFP application. (ECF No. 7). He thought he needed to commence a new action alleging the same claims. The Court construed his second pleading as an Amended Complaint. (Amended Complaint, ECF No. 6).

On March 9, 2017, the Court issued an ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE GRANTED TO AMEND. (ECF No. 9).

On April 5, 2017, Plaintiff filed a SECOND AMENDED COMPLAINT. (ECF No. 10).

On April 20, 2017, the Court issued an ORDER DIRECTING SERVICE. (ECF No. 11).

On September 22, 2017, Defendants filed a Motion to Dismiss. (ECF No. 30).

On October 10, 2017, Plaintiff filed a pleading entitled "PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION TO DISMISS" which the Court construes as an Opposition. (ECF No. 32).

On October 23, 2017, Defendants filed a DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS. (ECF No. 33).

On October 27, 2017, Plaintiff filed a pleading entitled "MOTION GRANTING ORDER FOR DEPOSITION SUBPOENA" which the Court construes as a request for a subpoena. (ECF No. 34).

On October 31, 2017, Plaintiff filed a pleading entitled "PLAINTIFF'S OBJECTION AND REPLY TO DEFENDANTS CONTINUED MOTION TO DISMISS." (ECF No. 35). The Court construes this as a Sur-Reply.

The Court elected to decide the Motion without a hearing pursuant to Local Rule 7.2(d). (ECF No. 31).

## BACKGROUND

Plaintiff is incarcerated at the Oahu Community Correctional Center awaiting trial in the Circuit Court of the First Circuit, State of Hawaii.[1] (Complaint at p. 7, ECF No. 1); State of Hawaii v. Chavez, 14-1-000360 (Haw. 1st Cir. Ct. 2014). He is charged with murder in the Second Degree and Carrying or Use of a Firearm in the Commission of a Separate Felony. (Id.)

Plaintiff alleges Defendants violated Article I, Section 8 of the United States Constitution and 10 U.S.C. § 991 by deploying him overseas in violation of § 991's "high-deployment" thresholds without the explicit approval of the Secretary of Defense or another delegated official. (Second Amended Complaint

---

[1] See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (approving taking judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue")(citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); see also Fed. R. Evid. 201(c)(1).

3

at pp. 5, 5A, ECF No. 10). Plaintiff alleges Defendants' actions resulted in over-deployment, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (Id.)

Plaintiff was discharged from the Army in "Under Other Than Honorable Conditions" on May 19, 2016. (Certificate of Release or Discharge from Active Duty, ECF No. 10-4).

The gravamen of Plaintiff's Second Amended Complaint is that the Army failed to receive written authority to deploy him without affording him proper "dwell time"[2] between deployments. Plaintiff has withdrawn his request for money damages. (Second Amended Complaint at pp. 5, 5A, ECF No. 10). Plaintiff states that he has initiated review of his discharge with the Army Review Boards Agency. (Id.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure." Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.

---

[2] "Dwell time" refers to the amount of time a member of the armed forces spends at the permanent duty station or home port after returning from deployment. 10 U.S.C. § 991(f)(1)(A).

4

1987). The moving party should prevail on a motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citing Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)); Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack such as in the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. Savage v. Glendale Union High Sch., Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## ANALYSIS

Plaintiff appears pro se. The Court liberally construes Plaintiff's filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

5

Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

**The Parties**

Plaintiff Leonardo R. Chavez (hereinafter "Chavez" or "Plaintiff Chavez") names the United States, United States Special Operations Command, Special Operations Command Central, and Special Operations Command Pacific as Defendants in this action.

Congress created the United States Special Operations Command of joint military forces (hereinafter "USSOCOM") to carry out missions related to counterterrorism and unconventional warfare, among other things. 10 U.S.C. § 167. The United States Special Operations Command is organized under the Department of Defense. Id.

The Special Operations Command Central (hereinafter "SOCCENT") and Special Operations Command Pacific (hereinafter "SOCPAC") are subdivisions of the United States Special Operations Command which focus on different geographic areas. The Special Operations Command Central operates in the Middle East and Central Asia. The Special Operations Command Pacific operates in South and East Asia, the Pacific, and Antarctica.

Chavez alleges Defendants the United States, USSOCOM, SOCCENT, and SOCPAC violated military regulations and the United States Constitution during his service in the United States Army.

6

He seeks correction of his military records.

**Procedural History**

On December 30, 2016, Chavez commenced this Action. (ECF No. 1).

On February 17, 2017, Chavez filed an amended complaint. (Amended Complaint, ECF No. 6). He alleged that the Secretary of Defense and individual officers in the United States Army chain of command violated the Constitution when they denied him adequate rest between deployments, falsified his military records, violated military policies, and stripped him of his retirement. Chavez sought $1 billion in damages and the correction of his military records.

On March 9 2017, the Court dismissed Chavez's Amended Complaint for failure to state a cognizable claim for relief. (ECF No. 9).

**The Second Amended Complaint**

On April 5, 2017, Chavez filed a Second Amended Complaint. (ECF No. 10). He now alleges Defendants violated Article I, Section 8 of the United States Constitution[3] and 10 U.S.C. § 991 when they allegedly deployed him overseas in excess of § 991's

---

[3] Article I, Section 8 vests in Congress the power to "provide for the common Defence," "declare War," "raise and support Armies," "provide and maintain a Navy;" and make rules for the "regulation of the land and naval Forces."

one and two year "high-deployment" thresholds[4] without the explicit approval of the Secretary of Defense or another delegated official having been noted in his records. He alleges that this failure, and his resulting alleged over-deployment, violated the Fifth and Fourteenth Amendments. Chavez was discharged from the Army in "Under Other Than Honorable Conditions" on May 19, 2016. (Certificate of Release or Discharge from Active Duty, ECF No. 10-4).

Chavez seeks an order directing USSOCOM and the Pentagon "to produce the waiver request and the approval by the Armed Services of the Senate and the Committee on Armed Services of the House of Representatives" for his "Operational Personnel Tempo."[5] (Second Amended Complaint at p. 8A, ECF No. 10). He has withdrawn his request for money damages. Chavez states that he has initiated review of his discharge with the Army Review Boards Agency (ARBA), which is also known as the Army Board for Correction of Military Records ("ABCMR").[6] (Id.)

---

[4] Title 10, U.S. Code, Section 991 governs the management of deployments of members of the Armed Forces.

[5] " '[O]perating tempo' means the rate at which units of the armed forces are involved in all military operations[,]" and " 'personnel tempo' means the amount of time members of the armed forces are engaged in their official duties at a location or under circumstances that make it infeasible for a member to spend off-duty time in the housing in which the member resides." 10 U.S.C. § 991(f)(1)(B).

[6] "The Army Board for Correction of Military Records (ABCMR) is the highest level of administrative review within the Department of the Army with the mission to correct errors in or remove injustices from Army military records." http://arba.army.pentagon.mil/abcmr-overview.html (last visited

8

**Jurisdiction**

The Court liberally construes Chavez's claim as seeking relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704. The Act provides a limited waiver of sovereign immunity for judicial review of agency decisions, including decisions of the ABCMR. Clinton v. Goldsmith, 526 U.S. 529, 539 (1999).

"Military discharge decisions are subject to judicial review." Muhammad v. Sec'y of Army, 770 F.2d 1494, 1495 (9th Cir. 1985). The Court may review military decisions if the plaintiff alleges (a) violation of a constitutional right, federal statute, or military regulations, and (b) exhaustion of administrative remedies, unless exhaustion is excused. Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002); Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th Cir. 1985)).

Plaintiff has alleged a violation of a federal statute, 10 U.S.C. § 991. He also claims violations of Article 1, Section 8, the Fifth Amendment, and the Fourteenth Amendment of the United States Constitution. The Court finds the allegation of the statutory violation sufficient to require consideration of exhaustion.

Plaintiff admits that he has not exhausted his administrative remedies. Plaintiff states that a "Congressional review of my discharge has been initiated ... [w]ith the Army

---

Jan. 31, 2018).

9

Review Board Agency." (Second Amended Complaint at p. 8A, ECF No. 10). According to Plaintiff, he filed a matter with the Army Review Boards Agency on April 21, 2017, and has not yet received a final determination from the Agency. (Plaintiff's Opposition at pp. 10-11, ECF No. 32-1).

**Exhaustion of Administrative Remedies**

Plaintiff argues that his failure to exhaust his administrative remedies is excusable. (Id. at 10). If Plaintiff's failure to exhaust his administrative remedies is not excusable, his Second Amended Complaint must be dismissed. Muhammad, 770 F.2d at 1495; Sakievich v. United States, 160 F. Supp. 3d 215, 222-25 (D.D.C. 2016)(case dismissed for lack of jurisdiction due to failure to exhaust intraservice remedies).

Exhaustion of administrative remedies may be excused "(1) if the intraservice remedies do not provide an opportunity for adequate relief; [or] (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; [or] (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised." Wenger, 282 F.3d at 1073; Stein v. Mabus, 2013 WL 12092058, at *3 (S.D. Cal. Feb. 14, 2013).

Plaintiff appears to argue that exhaustion will take too long. He refers to a statement he received from the Army Review Boards Agency that indicates it is currently taking 12 months or longer to process an application. (Plaintiff's Opposition at p.

11, ECF No. 32-1). It is true that administrative review may often be less than speedy, but that alone will not justify immediate resort to the courts. Gorsline v. United States Army Reserve, 13 F.3d 405, 1993 WL 525674 *1 (10th Cir. Dec. 21 1993).

### (1) Will Intraservice Remedies Provide Relief?

Under the first reason to excuse exhaustion (1), Plaintiff has not argued that the intraservice remedies will not provide an opportunity for adequate relief.

A member of the armed services who seeks judicial review of an alleged violation of a recognized constitutional right, a federal statute, or military regulations must typically first seek relief with the Army Board for Correction of Military Records. The Army Board for Correction of Military Records consists of civilians appointed by the Secretary of the Army. 32 C.F.R. § 581.3(c)(1). Among other duties, "it directs or recommends correction of military records to remove an error or injustice." See Sung v. Gallagher, CIV. No. 11-00103 JMS, 2011 WL 4952617, at *6 (D. Haw. Oct. 17, 2011) ; 32 C.F.R. § 581.3(c)(2); see also 10 U.S.C. § 1552(a)(1) (allowing Secretary of a military department to "correct any military record ... when the Secretary considers it necessary to correct an error or remove an injustice."). The Army Review Boards Agency administers the Army Board for Correction of Military Records.

Plaintiff seeks a correction of military records related to his deployment and "dwell time." The ABCMR has the authority to correct any military record and provide Plaintiff the relief he

seeks. Kennedy v. Sec'y of Army, 191 F.3d 460, 1999 WL 710317 at *3 (9th Cir. Sept. 10 1999). Plaintiff has not satisfied the first circumstance that would excuse exhaustion.

### (2) Irreparable Harm

Pursuant to the second reason to excuse exhaustion (2), Plaintiff seeks to remedy an injury he allegedly suffered when he was deployed without significant "dwell time" in the past. Past injury does not meet the irreparability requirement for waiver. Kaiser v. Blue Cross of California, 347 F.3d 1107, 1115 (9th Cir. 2003). Plaintiff must show that denial of relief will cause a future harm. Id. Plaintiff is unable to identify a future harm which he will suffer if forced to seek administrative relief. Gorsline, 1993 WL 525674 *1. Plaintiff has not satisfied the second reason to excuse exhaustion.

### (3) Futility

Plaintiff has not shown that the administrative appeal he has initiated would be futile. The futility exception (3) to the exhaustion requirement should be interpreted narrowly. Mitchell v. United States, 26 Cl. Ct. 1329, 1332 n.3 (1992) (citing Kawitt v. United States, 842 F.2d 951, 953 (7th Cir.1988)).

Plaintiff does not argue that the ABCMR would automatically deny his claim, making exhaustion futile. Kennedy, 1999 WL 710317 at *3. There is a viable possibility that the ABCMR may determine that Plaintiff was deployed without receiving adequate

dwell time in between deployments. The Army is expected to be the primary authority for the interpretation of its own regulations. Von Hoffburg v. Alexander, 615 F.2d 633, 639 (5th Cir. 1980). Application of the exhaustion principle is particularly important here, given the ABCMR's special expertise in dealing with the different military regulations, records, and statutes that are pertinent to Chavez's claims. Gorsline, 1993 WL 525674 *1.

If Plaintiff seeks judicial review after an adverse administrative proceeding, then the Court will have a definitive interpretation of the regulations at issue and an explanation of the relevant facts from the highest administrative body in the Army's own appellate system. Von Hoffburg, 615 F.2d at 639 (citing Hodges v. Callaway, 499 F.2d 417, 422 (5th Cir. 1974)).

### (4) Substantial Constitutional Questions

Exhaustion may be excused if Plaintiff has raised a (4) substantial constitutional question. Courts have narrowly construed what constitutes a substantial constitutional question. Stein v. Mabus, No. 312CV00816HBGS, 2013 WL 12092058, at *3 (S.D. Cal. Feb. 14, 2013) (plaintiff alleged he was subject to unfair administrative proceedings in retaliation for protected political speech); Cooney v. Dalton, 877 F. Supp. 508, 513–14 (D. Haw. 1995) (plaintiff alleged he was subject to double jeopardy). Plaintiff does not provide any support for a finding that a substantial constitutional question has been raised.

Plaintiff's bare bones Second Amended Complaint states his belief that the Army violated Article I, Section 8 of the United States Constitution, as well as the Fifth and Fourteenth Amendments. Plaintiff has provided no support for the idea that there has been a violation of Section I, Article 8 of the Constitution. Nor can Plaintiff bring a Fourteenth Amendment procedural due process claim against the Federal Government because the Fourteenth Amendment applies only to the individual states. United States v. Navarro, 800 F.3d 1104, 1112 n.6 (9th Cir. 2015). Plaintiff lacks a sufficiently detailed allegation of a Fifth Amendment due process violation for the Court to perceive a substantial constitutional claim. Kennedy, 1999 WL 710317 at *3.

Plaintiff has not provided information upon which the Court could rely in order to excuse exhaustion. Accordingly, the Court **DISMISSES** Plaintiff's Second Amended Complaint without prejudice.

**Plaintiff's Subpoena Request**

On October 27, 2017, Plaintiff filed a pleading entitled "MOTION GRANTING ORDER FOR DEPOSITION SUBPOENA" which the Court construes as a request for a subpoena. (ECF No. 34).

No claims remain. Plaintiff's Motion, construed as a request for a subpoena to allow for the taking of depositions, is **DENIED AS MOOT.**

**CONCLUSION**

Defendants United States, United States Special Operations Command, Special Operations Command Central, and Special Operations Command Pacific's Motion to Dismiss (ECF No. 30) is **GRANTED**.

Chavez may seek review in this Court, pursuant to the Administrative Procedure Act, if he is dissatisfied by the decision of the ABCMR. See Clinton v. Goldsmith, 526 U.S. 529, 539 (1999).

Plaintiff's filing entitled "MOTION GRANTING ORDER FOR DEPOSITION SUBPOENA" (ECF No. 34) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 31, 2018.

Helen Gillmor
United States District Judge

Leonardo R. Chavez v. United States of America et al.; Civ No. 16-00685 HG-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 30) AND DENYING PLAINTIFF'S FILING ENTITLED "MOTION GRANTING ORDER FOR DEPOSITION SUBPOENA" (ECF No. 34)**